IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PATSY RUDD                                                           PLAINTIFF

v.                                                          NO. 4:26-CV-002-RPC-JMV

LYNN FITCH, et al.                                                 DEFENDANTS

### ORDER DENYING MOTION TO REMAND

On October 21, 2025, Patsy Rudd filed a complaint [7] in the Chancery Court of Washington County, Mississippi, against Lynn Fitch, Washington County, W. Dewayne Richardson, Jon Mims, Foxtrot, LLC, Robert Torrey Nunnery, Elizabeth S. Nunnery, the Department of the Treasury-Internal Revenue Service (IRS), and any other legal or equitable interest in the Real Property Sold. [7]. On January 6, 2026, the United States—on behalf of its agency, the IRS—timely removed the case to this Court. [1]. Now before this Court is Rudd's Motion to Remand to State Court [15]. After reviewing the parties' respective filings and the applicable authorities, the Court hereby DENIES the Motion to Remand [15].

Rudd's motion requests remand because her suit is "fundamentally a matter of state property law that is traditionally adjudicated in Mississippi chancery courts." [16, at 1]. Rudd filed her lawsuit against the IRS pursuant to 28 U.S.C. § 2410, which permits a plaintiff to name the United States as a party in an action to quiet title to real property "on which the United States has or claims a mortgage or other lien." Section 2410 acts as a limited waiver of sovereign immunity. *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002). "As a trade off for the waiver of sovereign immunity, [28 U.S.C. §] 1444 permits the government to remove to federal district court any such case initiated in state court." *Id.*

> Section 2410 . . . does not create a basis for federal subject matter jurisdiction. But once it is deemed applicable in a state court action, . . . it makes available to the

1

> government § 1444, which we have held creates a substantive right of removal to federal court, regardless of other jurisdictional limitations.

*Id.* at 635. (citing *City of Miami Beach v. Smith*, 551 F.2d 1370, 1374 n.5 (5th Cir. 1977)).

> Courts considering a motion to remand a case which has been removed by the United States pursuant to 28 U.S.C. §§ 1444 and 2410 have held uniformly that because the right of removal of the United States is absolute, a motion to remand the case to state court is due to be denied.

*Troglen v. Capital One Bank, N.A.*, No. 5:09-cv-01516-HGD, 2010 WL 11617981 at *2 (N.D. Ala., Mar. 12, 2010); *see Hamlin v. Hamlin*, 237 F. Supp. 299, 300 (N.D. Miss. 1964) ("The plain language of [Sections 1444 and 2410] makes it clear that the United States has an absolute right to remove this action to this court.").

Therefore, this Court finds that the motion is not well taken and is hereby DENIED.

SO ORDERED, this the 26th day of March, 2026.

_____
UNITED STATES DISTRICT JUDGE

2